IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02009-LTB

DARRELL ERIC PATTERSON,

    Plaintiff,

v.

BOBBY BONNER, Warden KCCC/CCA,

    Defendant.

ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, Darrell E. Patterson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado.  He filed *pro se* on September 13, 2013, a motion titled "Motion for Relief From Judgement [sic]" (ECF No. 16) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on August 28, 2013.  The Court must construe the September 13 motion liberally because Mr. Patterson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and will be denied.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Patterson's September 13 motion pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted).  Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously.  *See id*.

The Court dismissed the instant action in part as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and in part without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The August 28 dismissal order discusses in detail the reasons for the dismissal.

Upon consideration of the motion and the entire file, the Court finds that Mr. Patterson fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Fed. R. Civ. P. 59(e) motion does not alter

the Court's conclusion that this action properly was dismissed. Therefore, the Fed. R. Civ. P. 59(e) motion will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for Relief From Judgement [sic]" (ECF No. 16) that Plaintiff, Darrell Eric Patterson, filed *pro se* on September 13, 2013, and which the Court has treated as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this __18th__ day of ___September___, 2013.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court